**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-01665-SBP

NOHOM ABRHAM,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Center, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Director, Denver Field Office, U.S. Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of Department of Homeland Security, and
TODD BLANCHE, U.S. Attorney General,

Respondents[1].

---

**ORDER**

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Petitioner's Motion to Enforce Writ of Habeas Corpus. ECF No. 21.

Petitioner is a citizen of Ethiopia. ECF No. 1 ¶ 19. Petitioner initially entered the United States without inspection in approximately 1998 and is not detained under 8 U.S.C. § 1225(b)(1) or § 1231. *Id.* ¶ 5. Petitioner came into the custody of Immigration and Customs Enforcement on or about July 23, 2025. *Id.* ¶ 6. He is currently being detained at the Denver Contract Detention Facility. *Id.* ¶ 1. On April 17, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, bringing a claim that his detention violates 8 U.S.C. § 1226(a). *Id.* ¶ 57. On May 20, 2026, the court granted the petition and ordered Respondents to provide Petitioner a bond hearing. ECF No. 12.

---

[1] Mr. Valdez, Mr. Venturella, and Mr. Blanche are substituted, in their official capacities, pursuant to Fed. R. Civ. P. 25(d).

On May 29, 2026, Respondents filed a status report indicating that the bond hearing was held on May 27, 2026. ECF No. 14 at 3. On the same day, in response to Respondents' Status Report, Petitioner filed a Motion for Immediate Release, arguing that the May 27, 2026 bond hearing did not comply with the court's order. ECF No. 15. On June 22, 2026, Respondents filed a response, ECF No. 17, and on August 25, 2026, Petitioner filed a reply. ECF No. 18. On September 3, 2026, the court—in light of Respondents' non-opposition to Petitioner's motion—granted Petitioner's motion **in part**, and ordered Respondents to provide Petitioner a bond hearing in which the government would bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. ECF No. 19.

On September 14, 2026, Respondents filed a status report indicating that a second bond hearing was conducted and that the immigration judge denied bond after finding that "the Department has established flight risk by clear and convincing evidence." ECF No. 20-1 at 4. On September 15, 2026, Petitioner filed a second motion to enforce the habeas order, asserting that the bond hearing did not comply with the court's order. ECF No. 21.

Title 8 U.S.C. § 1226(e) states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." However, "because a federal court always retains jurisdiction to enforce its lawful judgments, including habeas judgments, the court has the authority to see that its judgment is fully effectuated." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010).

Petitioner argues that the bond hearing contravened the court's September 3, 2026 order because Respondents failed to satisfy their burden of proof and because the immigration judge failed to consider evidence presented by Petitioner. ECF No. 21. As support for his position, Petitioner asserts that the immigration judge failed to meaningfully engage with his evidence regarding the timely pursuit of his appeal to the Board of Immigration Appeals or to evaluate the Petitioner's "Bond Sponsor," thus violating his procedural due process rights. *See id.* at 10-14.

The fundamental error in Petitioner's analysis is his failure to show that the immigration judge misapplied the burden of proof; in fact, the immigration judge explicitly acknowledged

that the burden of proof was on the Department of Homeland Security ("DHS") to show, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to persons or the community. *See* ECF No. 20-1 at 1. Furthermore, the judge specifically stated that she *did* consider "evidence of a United States citizen sponsor, including the sponsor's letter, as well as the "Respondent's timely pursuant of his BIA appeal." *Id.* at 2. But in the immigration judge's view, "[t]he sponsor evidence, timely BIA appeal, lack of criminal history, and representation by counsel do not sufficiently mitigate that risk [of flight] under the heightened standard applicable in this pleading." *Id.* at 3.

The essence of Petitioner's argument here, then, is that this court should reweigh the evidence presented at the bond hearing—in violation of § 1226(e)—and find that the evidence was insufficient to meet DHS's burden. This, the court cannot do. *See Jovel v. Noem*, No. 1:25-cv-01233-KG-DLM, 2026 WL 1430041, at *2 (D.N.M. May 21, 2026) (denying petitioner's motion to enforce where "[t]he record demonstrates that the IJ applied the burden-shifting framework required by this Court's prior order"); *Tepehua-Tlapaltotoli v. Noem*, No. 2:26-cv-001116-KG-GJF, 2026 WL 766073, at *2 (D.N.M. Mar. 18, 2026) ("Nothing in the record demonstrates that the IJ failed to apply that burden-shifting framework . . . . This Court's jurisdiction does not extend to reweighing the IJ's bond determination once those procedures were followed."). Thus, Petitioner has failed to show that Respondents did not comply with the court's September 3, 2026 Order. Accordingly, it is respectfully

**ORDERED** that Petitioner's Motion to Enforce Writ of Habeas Corpus (ECF No. 21) is **DENIED**. It is further

**ORDERED** that this case is closed.

DATED: October 3, 2026

BY THE COURT:

Susan Prose
United States Magistrate Judge